IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-cv-73-BO

| | | |
|---|---|---|
| SUSAN J. GORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANDREW SAUL, | ) | |
| *Commissioner of Social Security*,[1] | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 36, 41]. A hearing was held on these matters before the undersigned on August 30, 2019, at Edenton, North Carolina. For the reasons discussed below, the plaintiff's motion for judgment on the pleadings [DE 36] is DENIED and defendant's motion [DE 41] is GRANTED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for Disability Insurance Benefits and Supplemental Security Income. After initial denials of her application for benefits, plaintiff requested a hearing before an Administrative Law Judge (ALJ), which occurred via videoconference on May 1, 2015. The ALJ issued an unfavorable ruling, finding that plaintiff was not disabled, which became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

---

[1] Saul has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).

DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

2

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

Plaintiff argues the ALJ failed to properly address and analyze the opinion of Richard Campbell, Ph.D., when determining plaintiff's ability to work. Specifically, plaintiff asserts that the ALJ failed to adequately explain conclusions drawn from Dr. Campbell's report and indicate the amount of weight he was affording it.

The Court finds no reversible error because the ALJ's thorough narrative discussion of the evidence, including Dr. Campbell's evaluation, is sufficient for the Court to conduct its review. The ALJ's discussion of Dr. Campbell's evaluation comes as part of a review of the medical evidence about plaintiff's psychological health. Tr. 28–31. The review is extensive and detailed. It begins with plaintiff's last psychiatric hospitalization in 2011, and proceeds year-by-year, before ultimately concluding that the plaintiff suffers from depression and anxiety to such a degree that she is limited to simple, routine, repetitive tasks, but not prevented from working altogether. And although the evidence includes particular incidents of deeper depression and heightened anxiety, none of the evidence directly conflicts with the ALJ's finding that plaintiff was capable of working.

3

From Dr. McClure's 2014 evaluation and diagnosis of panic and mood disorder, to Dr. Campbell's 2015 determination of plaintiff's average intellectual range and diagnostic impression of adjustment disorder, to Dr. Latonya Lee Niang's observations about the plaintiff, all the evidence of plaintiff's psychological health is consistent with someone who suffers from anxiety and depression. Accordingly, the ALJ included additional work limitations that account for these mental disorders.

Plaintiff fixates on the language at the end of Dr. Campbell's report stating that it is probable plaintiff would be impaired in a work setting. This equivocal statement does not undercut the rest of the evidence reviewed by the ALJ. Indeed, plaintiff's potential impairment in a work setting is the reason for the ALJ's finding that she was limited to simple, routine, and repetitive tasks. Dr. Campbell's report does not state plaintiff is incapable of working.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court finds that the decision as a whole is supported by substantial evidence and that the correct legal standard was applied. Accordingly, plaintiff's motion for judgment on the pleadings [DE 36] is DENIED and defendant's motion for judgment on the pleadings [DE 41] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this __11__ day of September, 2019.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4